IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FREDDIE MONROE PICKETT, § | |
| (TDCJ No. 1445772) § | |
| VS. § | CIVIL ACTION NO.4:08-CV-067-Y |
| § | |
| § | |
| JC SLAWSON, et al. § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(B)
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)
(With special instructions to the clerk of Court)

This case is before the Court for review of pro-se plaintiff and inmate Freddie Monroe Pickett's claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The live pleadings in this case are Pickett's form complaint seeking relief under 42 U.S.C. § 1983, and his March 3, 2008, document entitled "Motion to enter Nunc Pro Tunc Order," which is hereby construed as a supplement to the complaint,[1] and a memorandum in support filed March 19, 2008. Pickett names as defendants several persons associated with the Texas Department of Criminal Justice's Parole Division. (Compl. Style; § IV(B).) He alleges that he was released to parole in 2002, with a maximum expiration date of April 12, 2003, but as a result of a new "sex offender evaluation" condition imposed in 2003, a warrant was issued in January 2004 in violation of his right to due process of law. (Compl.§ V; attachment pages 6-7.) In his supplemental complaint, Pickett acknowledged that he is presently incarcerated on another charge adjudicated in the 294th Judicial District Court, Van Zandt County, Texas, but this action

---

[1] The clerk of Court is directed to note this on the docket.

is limited to challenging the 2004 parole revocation, which was triggered by a charge of indecent exposure filed in Johnson County, Texas, in case number M200400543, warrant number 0-29-04-A. (Supplemental Compl. at 1-2; March 19, 2008, Memorandum in Support; attachment.) Pickett recites that he was convicted of this misdemeanor on July 1, 2004, and that parole officials illegally applied this case to revoke his parole after his maximum discharge date had expired. (Supplemental Compl. at 2.) Plaintiff seeks monetary damages and an order that the defendants not retaliate against him because of his claims. (Comp. § V.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing

---

[2]*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3]*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint under these standards, the Court concludes that Pickett's claims must be dismissed.

All of Pickett's claims must be dismissed as barred by the statute of limitations. The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal-injury actions for the state of suit.[7] In Texas, the applicable limitations period is two years.[8] A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations.[9]

Accrual of a claim under § 1983 is determined by federal law,[10] under which a claim generally accrues when a plaintiff knows or has

---

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[7] *See Wilson v. Garcia,* 471 U.S. 261, 273-76 (1985).

[8] *See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal-injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon 2006) (Texas's two-year, personal-injury limitations statute).

[9] *See Harris v. Hegman,* 198 F.3d 153, 156 (5th Cir. 1999); *see also Moore,* 30 F.3d at 620 (citing *Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993)).

[10] *See Harris,* 198 F.3d at 157; *see also Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989).

reason to know of the injury giving rise to the cause of action.[11] Plaintiff recites allegations arising from the events of his arrest on a misdemeanor charge, and the resulting revocation of parole in 2004. Upon review of the allegations in this complaint, the Court sees no basis to believe that Pickett did not know or have reason to know of the events giving rise to his claims while they were occurring. Since Pickett did not file this suit until December 2007, his claims recited in Court are too late: the applicable two-year statute of limitations already had expired prior to the time Pickett filed suit. As all claims are barred by the applicable statute of limitations they must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i) and (ii).

Therefore, all of plaintiff Freddie Monroe Pickett's claims are DISMISSED WITH PREJUDICE under the authority of 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED August 28, 2008.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[11] *See Harris,* 198 F.3d at 157 (citing *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992) and Burrell, 883 F.2d at 418).